**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 22-4427**

―――――――――――

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BENNIE LEE JAMES,

        Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, District Judge. (7:20-cr-00079-FL-1)

―――――――――――

Submitted: March 16, 2023                          Decided: March 20, 2023

―――――――――――

Before WILKINSON, AGEE, and HARRIS, Circuit Judges.

―――――――――――

Affirmed by unpublished per curiam opinion.

―――――――――――

**ON BRIEF:** Sandra J. Barrett, Hendersonville, North Carolina, for Appellant. Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Scott Gainer, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Bennie Lee James of various drug offenses, including conspiracy to distribute and possession with intent to distribute 1,000 grams or more of heroin, 40 grams or more of fentanyl, and a quantity of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846.  On appeal, James argues that the district court erred by denying his motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29 because the evidence was insufficient to prove beyond a reasonable doubt that he conspired to distribute 1,000 grams or more of heroin.  We affirm.

We conduct a de novo review of the district court's denial of James' motion for judgment of acquittal.  *See United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018). After such review, "[w]e will uphold the verdict if, viewing the evidence in the light most favorable to the [G]overnment, it is supported by substantial evidence, which is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted).  In making this determination, we may not resolve conflicts in the evidence or evaluate witness credibility.  *Id.*  Moreover, "[a] defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Id.* (internal quotation marks omitted).

We discern no error in the district court's denial of James' Rule 29 motion. Viewing the evidence in the light most favorable to the Government, we conclude that the Government presented substantial evidence to support all elements of the conviction,

2

including the drug weight, in the form of lab results from drug mixtures found to be in James' possession, testimony from several different witnesses, and an audio and video recording of a conversation in which James and his accomplice described their trafficking operation. Although James stresses his view that the witnesses were not credible, in determining whether substantial evidence supports a conviction, we "assume that the jury resolved all contradictions in the testimony in favor of the Government," reflecting "our reluctance to overturn the jury's verdict in all but the most egregious cases." *United States v. Ziegler*, 1 F.4th 219, 232-33 (4th Cir. 2021) (internal quotation marks omitted).

Finding no reversible error, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*